## ADELINE TRIMBLE, Curatrix, *v.* F. BRICHTA.

On a motion to appeal, it is the duty of the Judge of the District Court to name the return day, and if the order be erroneous, it is not the fault of the appellant, and the appeal will not be dismissed on that account. Act 1839, s. 19.

Although the name of the curatrix, as stated in the letters, be incomplete, the production of them by her, is *prima facie* sufficient to prove that she is the person intended.

Proceedings by attachment against a dead man, with knowledge of his death, are null, and the widow in community cannot ratify a sale made under them, so as to bind the succession falling subsequently into her hands.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Goold & Stansbury*, for plaintiff. *Holland & Hennen*, for defendant and appellant.

OGDEN, J. The appellee has moved to dismiss this appeal, on the ground, that it was not made returnable as required by Art. 583 of the Code of Practice, at the next term of the Supreme Court after the appeal was granted.

The order was granted on the 18th of February, and the appeal was made returnable on the first Monday of April following. This might have been a sufficient ground for dismissal under the decisions of this court made previous to the passage of the Act of the Legislature of 1839. The 19th section of that Act provides as follows: "That hereafter no appeal to the Supreme Court shall be dismissed, on account of any defect, error, or irregularity in the petition or order of appeal, or in the certificate of the Clerk or Judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error, or irregularity, is imputed to the appellant; but in all such cases, the court shall grant a reasonable time to correct such errors or irregularities, (in case they are not waived by the appellee,) and may impose on the appellants such terms and conditions as in their discretion they may deem necessary, for the attainment of justice; and may also impose such fines on the officer who shall have caused such irregularities as they may deem proportioned to the offences."

The appellee's counsel contends, that the irregularity in this instance, is imputable to the appellant, on whose motion the order was granted. The motion was made verbally, and as it was the duty of the Judge in granting the appeal, to fix the return day in accordance with the law and the rights of the appellee, and as there is nothing in the record to show that the appellant suggested any particular return day, we must consider the order of appeal as the act of the Judge, and that it was not one of those errors which, under the statute, might be imputable to the appellant. If the appeal had been made returnable at such a distant period as to induce the belief that the appellant had sought and obtained on his own motion, an undue advantage by delay in bringing it up, it would be a proper ground for dismissal, or for imposing such terms and conditions on the appellant, as might be deemed necessary for the attainment of justice, according to the requirements of the law above referred to; but the delay in the present instance beyond one term, when the terms are monthly, does not appear to operate a great hardship; and it may have been considered necessary by the Judge of the court below, on account of the pressure of business, to enable the Clerk to prepare and transmit the record to this court. See the case of *The State* v. *Judge of the Fifth District Court*, 9 An.

It is therefore ordered, that the motion to dismiss the appeal, be overruled.

MERRICK, C. J. There is nothing in the objection made by defendant's counsel, that the letters of curatorship produced, appear to have been issued to one *Adeline Williamson.* The suit is instituted by *Adeline Williamson Trimble* and her husband. The production of the letters by her, creates, in the absence of all proof to the contrary, the presumption that she is the same person.

The objection, that the sale of the bond under proceedings by attachment, commenced by *Brichta,* with the knowledge of *Williamson's* death, was ratified, is equally untenable; for the proceedings were absolutely null as against *Williamson's* succession. The widow in community could not ratify this illegal sale, by the receipt of the surplus of the price, so as to bind the succession falling subsequently into her hands as curatrix. *Dees* v. *Tilden,* 2 An. 414.

If the defendant had any claims against the succession of *Williamson,* (which he failed to prove in the lower court,) the suit must be brought on

TRIMBLE
v.
BRICHTA.

behalf of his succession against that of *Williamson*, in the court having juris-diction of his succession.   There are no real merits in the defence to this action, and it is with reluctance that we yield to the technical objections set up here, so far as to refrain from granting damages as in case of a frivolous appeal.

Since the appeal has been taken, the appellant has died, and the curator of his estate has been made a party ; the judgment must therefore be made to correspond with this change of parties.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed against the succession of said *Francis Brichta*, deceased, represented by the said *Ernest Berger*, curator ; and that the said curator, besides delivering said patent to plaintiff, pay and satisfy said judg-ment for debt, interest and costs, in the due course of administration ; and that said curator pay the costs of this appeal.